IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIKE PEREZ,** | : CIVIL ACTION NO. 1:06-CV-1468 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **JOHN J. GRIFFIN and LAW OFFICE OF JOHN J. GRIFFIN,** | : |
| **Defendants** | : |

## ORDER

AND NOW, this 1st day of August, 2007, upon consideration of *pro se* plaintiff's motion (Doc. 46) to compel defendants to provide complete answers to his interrogatories,[1] and it appearing that defendants will provide plaintiff with copies of the documents responsive to interrogatory number 10 (see Doc. 49 at 6),[2] that prior complaints against defendants are irrelevant to the instant malpractice action and not admissible under Rule 404(b) of the Federal Rules of Evidence, see FED. R.

---

[1] Plaintiff seeks complete answers to interrogatories numbered 3, 4, 9, 10, 12, 16, 19, 22, 23, and 24. These interrogatories can be separated into three categories: (1) requests for the titles of all documents relating to plaintiff cases in defendants' possession, (2) requests for information regarding prior complaints filed against defendants, and (3) requests for financial information. Plaintiff seeks the financial information because he fears that defendants will not disclose such information "once the case is resolved in plaintiff's favor" and he wants to place a lien on defendants' assets. (See Doc. 46.) Plaintiff requests the prior complaints for use at trial under Rule 404(b) of the Federal Rules of Evidence. (See id. at 3-4.)

[2] Citing the undue burden of reviewing and titling each of plaintiff's documents in their possession, defendants notified plaintiff that they will "have these documents copied, and will provide these copies to plaintiff via such arrangements as are reasonable, practicable and permitted by correctional institution authorities." (Doc. 49 at 6.)

EVID. 402, 404, and that plaintiff has not yet demonstrated a "'real possibility' of an award of punitive damages," Iwanejko v. Cohen & Grisgby, P.C., No. 2:03CV1855, 2005 WL 4043954, at *3 (W.D. Pa. Oct. 5, 2005) (granting defendant's motion for a protective order regarding plaintiff's request to discover information about defendant's finances and granting plaintiff leave to discover such information only after plaintiff's claim "survives summary judgment and [plaintiff] can demonstrate a 'real possibility' of an award of punitive damages"); see also McCurdy v. Wedgewood Capital Mgmt. Co., No. 97-4303, 1998 WL 964185, at *10 (E.D. Pa. 1998) ("Rule 26 [of the Federal Rules of Civil Procedure] will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence."),[3] it is hereby ORDERED that the motion to compel (Doc. 46) is DENIED.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] In denying plaintiff's request for financial information at this early stage, the court makes no ruling on defendants' objections that plaintiff's requests "would subject Mr. Griffin and his family to severe and unwarranted personal threat and jeopardy, harassment, annoyance, embarrassment, and oppression." (Doc. 49 at 3.) Defendants shall be permitted to raise these objections if discovery of financial information is appropriate at a later stage of the proceedings.