## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE PEREZ**, | : | **CIVIL ACTION NO. 1:06-CV-1468** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN J. GRIFFIN and LAW OFFICE** | : | |
| **OF JOHN J. GRIFFIN,** | : | |
| | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

_____This is a legal malpractice and civil rights lawsuit brought *in forma pauperis* by *pro se* plaintiff Mike Perez ("Perez") against defendants, attorney John J. Griffin and the Law Office of John J. Griffin (collectively "Griffin").[1]  (<u>See</u> Docs. 1, 10.) Perez, an inmate housed by the Federal Bureau of Prisons, alleges that he retained Griffin to prosecute an action against prison officials for inadequate medical care. He contends that Griffin failed to do so and that this omissions constitutes legal malpractice, fraud, breach of contract and violation of Perez's civil rights.  Griffin

---

[1]The instant matter invokes the court's federal question and diversity jurisdiction.  For purposes of diversity, the complaint alleges that Perez, presently incarcerated in at the Federal Correctional Institution, Fort Dix, is a resident of New Jersey.  (Doc. 1 ¶ 1.)  Defendants allegedly reside in Pennsylvania.  (<u>Id.</u> ¶¶ 2-3.)

filed a motion for judgment on the pleadings[2] (Doc. 59), arguing that Perez's civil

rights claim is not actionable because Griffin is not a state actor and that the

malpractice, fraud, and contract claims fail because Perez has not provided a

certificate of merit as required by the Pennsylvania Rules of Civil Procedure.  For

the reasons that follow, the motion will be granted.

## I.   **Statement of Facts**[3]

In August 2003, Perez, then incarcerated at the Federal Correctional

Institution, Schuylkill, suffered a severe asthma attack for which he alleges he

received inadequate treatment.  (See Doc. 1 ¶¶ 9-35 in No. 1:04-CV-1944 (M.D. Pa)

[hereinafter "No. 04-1944"]).[4]  Perez allegedly retained Griffin during July 2004 to

---

[2]Griffin's motion was filed on September 10, 2007 as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The motion followed an answer, filed on February 7, 2007.  (See Doc. 21.)  A Rule 12(b) motion must be filed "before pleading if a responsive pleading is allowed."  FED. R. CIV. P. 12(b).  When such a motion follows an answer, the court may construe it as a motion for judgment on the pleadings pursuant to Rule 12(c).  See Dahlhammer v. Citibank (S.D.), N.A., No. 05-CV-1749, 2006 WL 2484352, at *3 (M.D. Pa. Nov. 30, 2006); Hackensack Riverkeeper, Inc. v. Del. Ostego Corp., 450 F. Supp. 2d 467, 485 (D.N.J. 2006).  Both motions are governed by identical standards of review.  Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).

[3]In accordance with the standard of review for a motion for judgment on the pleadings, the court will present the facts in the light most favorable to plaintiff, the non-moving party.  See infra Part II.

[4]The facts alleged in the action for inadequate medical treatment are not set forth in the instant complaint.  The underlying case, filed in this court, is docketed at Civil Action No. 1:04-CV-1944.  The court takes judicial notice of the documents filed in that case for purposes of the instant motion.  See FED. R. EVID. 201(b), (c); Cooper v. Pa. State Att'y Gen., No. 2:06cv1332, 2007 WL 2492726, at *2 (W.D. Pa. Aug. 30, 2007) (stating that a federal court may take judicial notice of court records and dockets).

pursue a claim against federal prison officials for the medical treatment administered during the incident.  (Doc. 1 ¶ 4.)  On September 1, 2004, Perez commenced the underlying suit *pro se*.  (See Doc. 1 in No. 04-1944.)  Griffin never entered an appearance in that matter.  Griffin paid Perez on several visits during the following months to discuss legal matters associated with the case.  (Doc. 1 ¶¶ 7, 9, 17.)  The defendants filed a motion for summary judgment in early 2005, and Perez sent Griffin the summary judgment briefs and other documents to enable him to prepare a response.  (Id. ¶¶ 10-11; Doc. 22 in No. 04-1944.)  Griffin never opposed the motion, and the court extended the opposition period.  (Doc. 1 ¶ 12-13; see also Docs. 28, 65, 96, 98 in No. 04-1944.)  Perez contacted Griffin on several occasions and sent him additional documents, but Griffin remained unresponsive. (Doc. 1 ¶¶ 12-20.)  Perez eventually prepared and filed opposition documents without Griffin's assistance.  (Id. ¶ 21.)  On November 7, 2006, the court entered summary judgment against Perez.[5]  (Docs. 133, 134 in No. 04-1944.)  Griffin allegedly continues to retain Perez's legal file containing the numerous documents that Perez sent to him.  (Doc. 1 ¶ 22.)

---

[5]Perez appealed the ruling to the United States Court of Appeals for the Third Circuit, which vacated the judgment and remanded the case for further consideration.  (Docs. 153, 156 in No. 04-1944.)  On May 30, 2008, the court again granted summary judgment in favor of the defendants.  (Docs. 157, 158 in No. 04-1944.)

Perez commenced the instant action on July 28, 2006 alleging that Griffin's actions constitute legal malpractice, breach of contract, and fraud.  He also alleges that Griffin's retention of his documents hindered his prosecution of the underlying action, thereby violating his First Amendment right to petition the government for redress of grievances, his due process right of access to the courts, and his right to counsel.  Griffin has filed a motion for judgment on the pleadings alleging that Perez's malpractice, fraud, and contract claims rest upon an alleged breach of Griffin's professional duties and require a certificate of merit pursuant to Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.  Perez has not filed a certificate, which Griffin contends requires dismissal of these claims.  Griffin also alleges that he is not a state actor and therefore cannot be held liable for the alleged constitutional violations.  The parties have fully briefed these issues, which are now ripe for disposition.

## II.   <u>Standard of Review</u>

A motion for judgment on the pleadings is a procedural hybrid of a motion to dismiss and a motion for summary judgment.  Rule 12(c) of the Federal Rules of Civil Procedure provides:  "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  To succeed on a motion under Rule 12(c), "the movant [must] clearly establish[] that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  <u>Hayes v. Cmty. Gen. Osteopathic Hosp.</u>, 940 F.2d 54, 56 (3d Cir. 1991); <u>see also</u> 5A CHARLES A. WRIGHT ET AL., FEDERAL

PRACTICE AND PROCEDURE § 1368, at 519 (2d ed.1990). When deciding a motion for judgment on the pleadings, the court is directed to view "the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Hayes, 940 F.2d at 56.

**III.  Discussion**

Perez seeks recovery for alleged acts of legal malpractice, fraud, and breach of contract by Griffin.  He also seeks recovery under 42 U.S.C. § 1983 for deprivation of his constitutional rights.  The court will address these issues *seriatim.*

**A.  Legal Malpractice**

Perez advances a legal malpractice claim against Griffin based upon Griffin's alleged failure to file summary judgment documents and upon his retention of Perez's legal file.  Under Pennsylvania law, a legal malpractice action requires the plaintiff to establish that:  (1) the plaintiff employed the attorney or that another basis for a duty exists between the two, (2) the attorney failed to "exercise ordinary skill and knowledge" when handling the plaintiff's matter, and (3) the negligence of the attorney proximately caused the plaintiff's injury.  Nat'l Grange Mut. Ins. Co. v. Goldstein, Heslop, Steel, Clapper, Oswalt & Stoehr, 142 F. App'x 117, 120 (3d Cir. 2005) (citing Kituskie v. Corbman, 714 A.2d 1027, 1029 (Pa. 1998)).  Rule 1042.3 of the Pennsylvania Rules of Civil Procedure further requires that a plaintiff alleging a breach of a professional duty produce a certificate of merit attesting to the colorable merit of the plaintiff's claim.  The rule provides, in pertinent part:

(a)     In any action based upon an allegation that a licensed
        professional deviated from an acceptable professional standard,
        the attorney for the plaintiff, or the plaintiff if not represented,
        shall file with the complaint or within sixty days after the filing
        of the complaint, a certificate of merit signed by the attorney or
        party that either

    (1)     an appropriate licensed professional has supplied a
        written statement that there exists a reasonable
        probability that the care, skill or knowledge exercised or
        exhibited in the treatment, practice or work that is the
        subject of the complaint, fell outside acceptable
        professional standards and that such conduct was a cause
        in bringing about the harm, or[6]

                    \* \* \*

    (3)     expert testimony of an appropriate licensed professional
        is unnecessary for prosecution of the claim.

                    \* \* \*

(d)     The court, upon good cause shown, shall extend the time for
        filing a certificate of merit for a period not to exceed sixty days.
        The motion to extend the time for filing a certificate of merit
        must be filed on or before the filing date that the plaintiff seeks
        to extend. . . .

PA. R. CIV. P. 1042.3.  The rule applies to *pro se* and represented plaintiffs alike and

constitutes a rule of substantive state law with which plaintiffs in federal court must

comply.  See Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007)

(holding that district courts must "appl[y] Rule 1042.3 as substantive state law");

Maruca v. Hynick, No. 3:06-CV-00689, 2007 WL 675038, at * (M.D. Pa. Feb. 27, 2007)

("[T]he language of Rule 1042.3(a)—i.e., "or the plaintiff if not represented . . . shall

---

[6]The provisions of Rule 1042.3(a)(2), which relate to a supervisor's liability for
subordinates' breach of professional duties, are not implicated in this action.

6

file . . . a certificate of merit"—expressly requires that a pro se plaintiff must file a certificate of merit.").

Failure to file either a certificate of merit under Rule 1042.3(a) or a motion for extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his or her failure to comply is justified by a "reasonable excuse." Womer v. Hilliker, 908 A.2d 269, 279-80 (Pa. 2006) (holding that a court may reconsider judgment entered for failure to comply with Rule 1042.3 if the plaintiff demonstrates a "reasonable excuse" for the noncompliance); see also PA. R. CIV. P. 1042.6 (authorizing entry of non pros judgment if a malpractice plaintiff fails to comply with Rule 1042.3); Walsh v. Consol. Design & Eng'g, Inc., No. Civ. A. 05-2001, 2007 WL 2844829, at *5 (E.D. Pa. Sept. 28, 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse.").

Perez filed his complaint in the instant matter on July 28, 2006.  The sixty-day period for the filing of a certificate of merit or a motion for extension expired on

September 26, 2006.  Perez failed to file either document prior to the deadline.[7]

This failure invalidates his malpractice claim unless he demonstrates a "reasonable

excuse" for his omission.  See Womer v. Hilliker, 908 A.2d at 280.

Perez asserts that Griffin's actions qualify as fraudulent conduct, which

Perez claims excuses Rule 1042.3's certificate of merit requirement.  He cites

McElwee Group v. Municipal Authority of the Borough of Eleverson, 476 F. Supp.

2d 472 (E.D. Pa. 2007), in support of this proposition.  McElwee Group involved an

action brought by a contractor against a municipality that retained the contractor

to construct a water treatment facility and the engineering firm that designed it.  Id.

at 474.  The contractor argued that the municipality and the engineering firm made

fraudulent representations of fact to induce the contractor to enter the construction

agreement.  Id.  The engineering firm defended against the fraud claim on the

ground that the contractor had failed to file a certificate of merit under Rule 1042.3.

Id. at 474-75.  The court rejected this challenge, holding that a certificate of merit is

required only for professional negligence claims and is inapplicable to common law

fraud actions, which do not rest upon breach of a professional duty of care.  Id. at

---

[7]Perez filed a declaration on October 11, 2007, which he alleges "is equivalent [sic] to the certificate of merit."  (Doc. 66 at 7.)  The declaration is essentially an affidavit executed by Perez that reiterates the allegations in his complaint.  (See Doc. 66, Ex. D.)  This declaration fails to satisfy the requirements of Rule 1042.3 for two reasons.  First, its contains no affirmation that a licensed attorney has reviewed Perez's claims and founded them colorable or that expert testimony is unnecessary to prove them.  Second, assuming *arguendo* that the declaration complied of Rule 1042.3(a), it was filed well after the sixty-day period established in subsections (a) and (d) and is therefore untimely.

475.  McElwee Group has no effect on a claim—such as that advanced by Perez—for breach of Griffin's professional duty.  Hence, Perez's allegations of fraud cannot serve as a reasonable excuse for his failure to file a certificate of merit.[8]  The motion for judgment on the pleadings will be granted in favor of Griffin on the malpractice claim.

---

[8]Perez has also stated that he did not file a certificate of merit because he did not believe it was required.  (See Doc. 66 at 7.)  His mistaken assumptions regarding the requirements of Rule 1042.3 cannot serve as a reasonable excuse for failing to comply with its provisions.  See Hoover v. Davila, 862 A.2d 591, 595-96 (Pa. Super. Ct. 2004) (holding that "a pro se litigant is not absolved from complying" with Rule 1042.3 due to the litigant's ignorance of its requirements, in part because the rule "specifically contemplates pro se plaintiffs").

Perez also contends that his failure to provide a certificate of merit should be excused in light of Scaramuzza v. Sciolla, 345 F. Supp. 2d 508 (E.D. Pa. 2004).  In Scaramuzza, the plaintiff did not provide a certificate of merit within the deadline established by Rule 1042.3 and instead supplied it in response to the defendants' motion to dismiss.  Id. at 509. The court noted that it "could dismiss plaintiff's complaint . . . for failure to file a certificate of merit" but determined that the plaintiff's noncompliance was excused because the plaintiff supplied a valid certificate in response to the motion.  Id. at 511-12.  The court also excused compliance because the Third Circuit had not yet determined whether Rule 1042.3 qualified as substantive state law applicable in federal court.  Id. at 511.  Neither of these considerations apply to the instant matter.  Perez has not provided a certificate of merit in response to Griffin's motion, and Pennsylvania's federal district courts had clearly determined that Rule 1042.3 constituted a rule of substantive state law when Perez filed his complaint in July 2006.  See Robus v. Pa. Dep't of Corr., No. Civ. A. 04-2175, 2006 WL 2060615, at *11 (E.D. Pa. July 20, 2006); Keybank Nat'l Ass'n v. Reidbord, No. Civ. A. 05-144, 2005 WL 3184781, at *9 (W.D. Pa. Nov. 29, 2005); Hartman v. Low Sec. Corr. Inst. Allenwood, No. 4:CV-04-0209, 2005 WL 1259950, at *3-4 (M.D. Pa. May 27, 2005) ("Rule 1042.3 should be applied in a diversity action as a controlling, substantive state law." (internal quotations omitted)); Velazquez v. UPMC Bedford Mem. Hosp., 328 F. Supp. 2d 549, 558 (W.D. Pa. 2004).  The Third Circuit has since confirmed this holding.  See Iwanejko, 249 F. App'x at 944 (declaring that "[t]he District Court correctly applied Rule 1042.3 as substantive state law.").  Hence, Perez may not rely on Scaramuzza to excuse his failure to satisfy the requirements of Rule 1042.3.

### B.   **Breach of Contract and Fraud Claims**

Perez also seeks recovery for breach of contract and fraud, which he alleges arise from the same conduct as his malpractice claim.  (Doc. 66 at 1-2, 4-5.)  He contends that "where fraud [and] breach of contract . . . [are] involved, a certificate of merit is not a requirement."  (Id. at 7.)  Rule 1042.3, however, applies to "*any action* based upon an allegation that a licensed professional deviated from an acceptable professional standard."  PA. R. CIV. P. 1042.3(a) (emphasis added); see also Krauss v. Claar, 879 A.2d 302, 307 (Pa. Super Ct. 2005) (holding that a certificate of merit is required only in "professional liability claims").  "The filing of a certificate of merit attaches not by the wording of the complaint, but by the substance of the claim."  See Walsh, 2007 WL 2844829, at *7.  A claim implicates a professional duty if (1) "the claim pertains to an action that occurred within the course of a professional relationship" and (2) "the claim raises questions of professional judgment beyond the realm of common knowledge and experience." Merlini ex rel. Merlini v. Gallitzin Water Auth., 934 A.2d 100, 105 (Pa. Super. Ct. 2007); see also Varner v. Classic Cmtys. Corp., 890 A.2d 1068, 1075 (Pa. Super. Ct. 2006).  Hence, a plaintiff may not avoid the obligations imposed by Rule 1042.3 by cloaking a claim based on breach of professional duty in the language of ordinary negligence, breach of contract, or fraudulent misrepresentation.  See id.; see also Varner, 890 A.2d at 1073-74 (holding that a complaint, which facially alleged only ordinary negligence claims, required a certificate of merit because its substance was premised on the breach of a professional duty).

10

In the instant matter, Perez's contract and fraud claims arise from Griffin's alleged failure to oppose the summary judgment motion and return Perez's legal file.  Both of these actions implicate the professional duties that Griffin owed to Perez.  First, Griffin's acts and omissions occurred "within the course of a professional relationship."  Merlini, 934 A.2d at 105.  The filing of litigation documents constitutes a quintessential function that an attorney performs on behalf of a client.  The retention of client files enables the lawyer to compile legal information, provide advice to the client, and handle litigation in accordance with the lawyer's professional judgment.  Second, Griffin's alleged conduct is "beyond the realm of common knowledge and experience" of laypeople.  Id.; Varner, 890 A.2d at 1075.  The filing of documents and the retention of client files are governed by judicial decisions, the Federal Rules of Civil Procedure, the Pennsylvania Rules of Professional Conduct,[9] and the Code of Professional Conduct adopted by the United States District Court for the Middle District of Pennsylvania.[10]  Conduct such as that from which Perez's claims arise implicates an attorney's professional judgment regarding matters such as when to file documents, how to maintain files, which documents to retain, and how best to comply with statutory and judicial rules.  See Varner, 890 A.2d at 1075 (holding that an architectural malpractice

---

[9]The United States District Court for the Middle District of Pennsylvania has adopted the Pennsylvania Rules of Professional Conduct, which provide the ethical standards to which attorneys practicing before the court must adhere.  See L.R. 83.23.2.

[10]See L.R. app. C.

11

defendant's failure to comply with applicable statutory codes was outside the reach of common experience). These obligations are not within the common experience of laypeople and raise "questions of professional judgment beyond the realm of common knowledge and experience." Merlini, 934 A.2d at 105.

Perez's allegations of fraud and breach of contract therefore implicate Griffin's professional duties.[11] An action averring breach of these duties requires that the plaintiff file a certificate of merit regardless of whether the plaintiff styles

---

[11]Perez's brief in opposition concedes that his suit is based entirely on Griffin's alleged breach of professional obligations:

> In this instant case, the plaintiff complaints [sic] alleges that the defendants witheld [sic] his legal file . . . . Plaintiff complaints [sic] further alleges that the defendants made numerous unfulfilled promises which amounts to breach of promise. In addition, the defendants['] acceptance of plaintiff's legal retainer fee was an implied express contract. . . . Plaintiff further alleges that *the unfulfilled and broken promises made by the defendants regarding the legal representations of plaintiff's cases* . . . is in violation of the implied express contract agreement . . . [and] constitutes fraud[]. . . . There is in fact no doubt that the defendants['] conduct *involves a professional legal malpractice violation.*

(Doc. 66 at 4-5.)

the claim as a malpractice action or as one for fraud[12] or breach of contract.  Perez's

failure to supply a certificate of merit vitiates his contract and fraud claims.

Griffin's motion for judgment on the pleadings will be granted with respect to these

claims.

> **C.     Section 1983 Claims**

Perez also advances § 1983 claims against Griffin for violation of his

constitutional rights.  He contends that Griffin's retention of his legal file and failure

to oppose the summary judgment motion deprived him of his rights to counsel, to

meaningful access to court, and to petition the government for redress of

grievances.  Section 1983 offers private citizens a means to redress violations of

federal law committed by state officials.  See 42 U.S.C. § 1983.  The statute provides,

in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any

---

[12]This holding is not inconsistent with conclusion reached in McElwee Group,
discussed in Part III.A, supra.  McElwee Group involved a claim of common law
fraudulent misrepresentation, which the defendant engineering firm allegedly
made to induce the plaintiff to enter a construction contract.  McElwee Group, 476
F. Supp. 2d at 474.  No certificate of merit was required because the alleged fraud
did not implicate the engineering firm's professional duties.  Id. at 475. Rather, the
claim was predicated entirely upon the firm's factual representations preceding
execution of the contract.  Id. at 475-76.  In the instant matter, by contrast, Perez
alleges that Griffin engaged in "fraudulent activities" by withholding his client file
and by failing to oppose the motion for summary judgment.  (Doc. 66 at 4-5.)  These
alleged omissions squarely implicate the professional duties that an attorney owes a
client.  Accordingly, a claim based upon them requires a certificate of merit under
Rule 1042.3 regardless of the label attached to the claim.

> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress . . . .

Id.  Section 1983 is not a source of substantive rights and instead provides a method

for vindicating rights secured elsewhere in federal law.  Gonzaga Univ. v. Doe, 536

U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  A § 1983

plaintiff must demonstrate that the defendant, while acting under the color of state

law, deprived the plaintiff of a federal constitutional or statutory right.  Kaucher v.

County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  The purpose of the requirement

that a § 1983 defendant act under the "color of state law" is to ensure that civil

rights protections are applied only against government actors, who can be held

liable for infringing them.  This requirement prevents a private entity from

becoming subject to § 1983 liability unless it engages in conduct that may be fairly

attributed to the state.  Mauro v. Beil, 213 F. App'x 131, 132 (3d Cir. 2007).

In the present matter, Perez's complaint fails to allege that Griffin engaged in

any action under color of state law.  The complaint recounts a purely private

transaction in which Perez "retained the legal services of the defendant[]" to

pursue "medical negligence claims" on his behalf.  (Doc. 1 ¶ 4.)  Perez's § 1983 claim

arises exclusively from Griffin's conduct during the course of representation.  Perez

has not alleged that Griffin acted on behalf of a government entity or engaged in

any conduct "fairly attributable to the state."  Mauro, 213 F. App'x at 132.  Purely

private transactions between attorneys and clients are incapable of supporting a

claim for redress under § 1983.  See, e.g., Flagg Bros. v. Brooks, 436 U.S. 149, 164-66

14

(1978) (holding that private business transactions do not qualify as state action regardless of whether state statutes expressly authorize them); <u>Rosquist v. Jarrat Const. Corp.</u>, 570 F. Supp. 1206, 1211 (D.N.J. 1983) ("[T]he actions taken by private attorneys in representing their clients do not constitute state action."). The motion for judgment on the pleadings will therefore be granted with respect to Perez's § 1983 claims.

**IV.   <u>Conclusion</u>**

Perez's legal malpractice, fraud, and contract claims arise from the alleged breach of Griffin's professional duties and require a certificate of merit pursuant to Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. These claims fail as a result of Griffin's non-compliance with the rule. His § 1983 claims are unavailing because Griffin is not a state actor. Accordingly, the motion for judgment on the pleadings will be granted in all respects.

An appropriate order is attached.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      June 9, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIKE PEREZ,** | : | **CIVIL ACTION NO. 1:06-CV-1468** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN J. GRIFFIN and LAW OFFICE** | : | |
| **OF JOHN J. GRIFFIN,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

_____AND NOW, this 9th day of June, 2008, upon consideration of the motion to

dismiss (Doc. 59), and for the reasons set forth in the accompanying memorandum,

it is hereby ORDERED that:

1.    The motion to dismiss (Doc. 59) is CONSTRUED as a motion for judgment on the pleadings.   The motion is GRANTED as so construed.

2.    The Clerk of Court is instructed to enter JUDGMENT in favor of defendants John J. Griffin and the Law Office of John J. Griffin and against plaintiff Mike Perez on all counts.

3.    The Clerk of Court is instructed to CLOSE this case.

4.    Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge